IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| JOHN HARRISON DEROHN, JR. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-2445M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND

John Harrison DeRohn, Jr. ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).   Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Alternative Motion for Remand is GRANTED.

I. Procedural History

Plaintiff filed his applications on February 27, 2009 alleging disability since August 13, 2006 due to disc and neck injuries and depression. R. at 124, 128, 145.  His claims were denied

initially and on reconsideration. R. at 58, 62, 70, 72. On May 16, 2011, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 25-51. Plaintiff was represented by counsel. In a decision May 25, 2011, the ALJ denied Plaintiff's request for benefits. R. at 13-24. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: degenerative disc disease, depression, anxiety and history of substance abuse disorder. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was incapable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 13-24.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred in his finding that Plaintiff's Immune Thrombocytopenic Purpura ("ITP") was not a severe impairment at step two of the sequential evaluation. Specifically, he argues that the ALJ erred in finding that Plaintiff's ITP did not constitute a severe impairment because it "has not lasted for a period of at least twelve months as it was diagnosed in November, 2010;[1] therefore, this impairment has not met the durational requirement of SSR 82-52." R. at 15.

The Court agrees with Plaintiff (and the Commissioner, *see* Def.'s Mot. Summ., ECF

---

[1] As mentioned above, the ALJ rendered his decision on May 25, 2011.

No. 18 at 9) that the ALJ erred by imposing a durational standard at step two of the sequential evaluation in determining whether Plaintiff's impairment was severe. Plaintiff's burden of showing a severe impairment at step two is not grounded in any durational requirement.[2] As recently stated by this Court in *Taylor v. Astrue*, 2012 WL 294532 (D. Md. Jan. 31, 2012), "Plaintiff's burden of showing a severe impairment at step two is only a 'de minimis screening device used to dispose of groundless claims.' *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir.2005) (internal brackets and quotation marks omitted). An ALJ may only declare an impairment to be "not severe" if the medical evidence on record clearly establishes that the impairment is "a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* (internal quotation marks and citation omitted). Furthermore, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor and the ALJ should continue with the sequential evaluation." *See* SSR 85–28.

Here, while the ALJ found Plaintiff's ITP not severe, he made no finding with respect to its effect of Plaintiff's ability to do work; and therefore the Court has no basis to

---

[2] The Court notes that this situation is different than an outright denial of disability at step two of the evaluation. In those circumstances, a durational requirement may come into play. "[A] finding of 'not disabled' is made at this step when medical evidence establishes *only a slight abnormality* ... which would have no more than a minimal effect on an individual's ability to work ...." Social Security Ruling 85–28, 1985 WL 56856, *3 (S.S.A.) (emphasis supplied); *see also Bowen v. Yuckert,* 482 U.S. 137, 158 (1987); *Dixon v. Shalala,* 54 F.3d 1019, 1029 (2d Cir.1995) (step two of disability review process should be applied "solely to screen out *de minimis* claims."). In addition, disability will be denied at step two where the impairment did not last or could not be expected to last twelve months—the so-called duration requirement. 20 C.F.R. § 404.1509.

discern support for his finding.  At a minimum, the Court notes that Plaintiff was admitted to the hospital for four days after the original diagnosis of ITP.  R. at 461, 484-88.  He was treated with intravenous Decadron therapy and WinRo.  R. at 461.  Subsequent to treatment, Plaintiff complained of fatigue and shortness of breath with exertion.  Plaintiff was again admitted to the hospital on December 18, 2010 and was again given another platelet transfusion and WinRo.  R. at 477-80.  He was again admitted on December 30, 2010 when his platelet count dropped from 150,000 to 11,000.  R. at 469.  Plaintiff testified at the hearing that he thought he had undergone 14 blood transfusions.  R. at 33; *see also* R. at 461-96, 588-96.  He testified that having ITP felt like having the flu all the time with no energy and cold sweats.  R. at 34.  At the time of the hearing, Plaintiff was taking weekly IVs of Rituxab/Rituximab for three hour sessions.  R. at 33-35, 461-81.

      The Commissioner urges the Court to find this error harmless because the ALJ found other impairments to be severe and proceeded to the remaining steps in the sequential evaluation and that the ALJ's RFC findings "adequately accounted for Mr. DeRohn's ITP."[3]  Def.'s Mot. Summ., ECF No. 18 at 9.  The Commissioner argues that the RFC restrictions with respect to standing and sitting, the avoidance of humidity and temperature extremes and limitation to low-concentration, low-memory tasks all accounted for Plaintiff's ITP.  The Court simply has no way of knowing if these restrictions, in fact, relate to Plaintiff's ITP and if so, whether they adequately account for any limitations.  In effect, these statements amount to

---

[3] Alternatively, the Commissioner argues that the ALJ did not err because there is no evidence that Plaintiff's ITP was disabling.  The Court need not address that issue as it cannot find that the ALJ's finding at step two is

nothing more than mere speculation.

The medical evidence in the record certainly raises the possibility that Plaintiff met his burden at step two of the sequential evaluation in proving that his ITP constitutes a severe impairment. While the ALJ mentions some of the evidence concerning Plaintiff's ITP, *see* R. at 18, 20, his unsupported finding that it did not constitute a severe impairment at step two of the evaluation coupled with his failure to discuss any possible restrictions to that condition within his RFC leave the Court no choice but to remand the matter for further consideration. *See* R. at 22 ("The undersigned has included limitations in the claimant's residual functional capacity, which address [his] *severe impairments*.") (emphasis added).

Date: April 15, 2013

                                                  _____/s/_____
                                                  THOMAS M. DIGIROLAMO
                                                  United States Magistrate Judge

---

supported by substantial evidence.